EPHRAIM LOCK *v.* JOS. S. EDMUNDSON and JOSEPH JACKSON.

1. REDEMPTION. *Right of favored.* The law favors the right of redemption when the time has been clearly enlarged by the purchaser, before the expiration of the time allowed by law. There should be *unequivocal proof* that this benefit to the debtor was surrendered by him, before he can be deprived of it.

2. TENDER. *What sufficient.* Upon a bill filed to redeem land, though no tender was made before filing the bill, yet, if the bill alleges that complainant was ignorant of the amount due the purchaser, and prays that it be ascertained, and if not paid, that the land may be sold for its satisfaction, this is sufficient.

---

FROM GILES.

---

Appeal from the decree of the Chancery Court. JOHN C. WALKER, Special Chancellor.

H. WARD and A. R. RICHARDSON for Lock.

J. and W. H. McCOLLUM for Edmundson.

DEADERICK, J., delivered the opinion of the Court.

The bills, original and amended, were filed respectively in January and March, 1871, in the Chancery Court at Pulaski. They allege, in substance, that the complainant was the owner of fifty acres of land, in Giles County, which was sold, upon a judgment against him, in favor of one Nelson, and bought by him, on the 27th of November, 1866; that defendant (Edmundson), a judgment creditor, redeemed the land, and, on the 12th day of October, 1868, before the time of redemption had expired, gave complainant the following agreement, in writing, extending the time of redemption—*i. e.:* "I, Joseph S. Edmundson, do hereby agree with Ephraim Lock that he may have a longer time to redeem his land, and if he fails to redeem it, I agree that he may continue to live on the same, if he will keep up the fences, or have it done, and keep up the houses (good roofs on them); and I agree that I will not dispossess him during his life. This, 12th day of October, 1868. Jo. S. Edmundson."

The bill further alleges that Edmundson led complainant to believe that he could redeem the land at any time during his (complainant's) life-time, and asks that the amount due be ascertained, and that he be permitted to do so.

Complainant alleges that he offered to pay the amount of the purchase-money, but Edmundson refused to accept it, claiming that the time of redemption had expired, and that complainant had failed to keep up the fences and repair the house; and that he had

sold the land to Jackson, and had instituted proceedings to eject him; that he is an old man of seventy-four years, feeble, and unable to attend to his business; that he could have sold the land for more than the debt due upon it, but for his trust in the promises of Edmundson. Complainant tenders by his bill the money due, and offers to pay it into Court when the sum due is ascertained, alleging that he trusted to defendant, and does not know what is due.

Upon the hearing, the bills were dismissed, and complainant appealed.

The proof shows the debt due Edmundson is about $237, and that the land is worth $800 or $900. There is also in the record a further agreement, signed by Edmundson and complainant, and dated November 11, 1868, by which Edmundson agrees that Lock may live on the land his life-time, and Lock agrees to keep the fences and houses in repair and pay the taxes. It is proved that this agreement had the further stipulation, when written, that Lock should have two years from its date to redeem the land, but, when presented to Edmundson, he erased that part of the agreement and signed it, and that it was afterwards signed by Lock.

There is proof to show that as the time at which the right of redemption expired approached, that Lock manifested concern and uneasiness, and sent repeated messages to Edmundson to call and see him; that Edmundson promised to do so, but never did

call on him, though he sent him word not to be uneasy.

For defendants it is insisted that the execution of the agreement of November 11, 1868, was a revocation of the agreement of October 12, 1868, all purpose or expectation of the redemption of the land having at that time been abandoned by Lock, and that his right to live upon it during his life was dependent upon the keeping of the fences and houses in repair and paying the taxes upon the land. It is further shown that the houses were not kept in repair, although the evidence shows that the fences were, and that Lock had not paid the taxes, but that Edmundson had paid some $30 to $40 taxes. By the first agreement, the right to redeem after the 27th of November, 1868, was clearly intended to be secured to him. No definite time of extension is specified, nor does the agreement of the 11th of November, 1868, modify the former agreement with respect to the right of redemption. It enlarges the obligation of Lock, in that it binds him to pay taxes, which the first article did not. If Lock had not been led to trust to the promises of Edmundson that he should remain upon the land during his life, and that the time of redemption should be extended, it is manifest, from the proof in the cause, that he could have sold the land for much more than the debt due to Edmundson. The law favors the right of redemption, and where the time has been clearly

enlarged by the purchaser, before the expiration of the two years allowed by law, there should be unequivocal proof that this benefit to the debtor was surrendered by him before he will be deprived of it.

We do not find in this record such evidence of a surrender or abandonment of the benefits secured to complainant by the agreement of the 12th of October, as to authorize us to say he had surrendered all claim to the right before the filing of his bill.

We do not think that the proof sustains the allegation that complainant had made any tender before the filing of the bill, but the bill alleges that he was ignorant of the amount due to Edmundson, and prays that it may be ascertained, and, if not paid, that the land may be sold for its satisfaction.

We are of opinion that this, with the taxes paid by Edmundson, is all that he is entitled to.

The decree of the Chancellor will be reversed and the cause will be remanded to the Chancery Court at Pulaski, to be proceeded in according to the principles herein declared. The costs of this Court will be paid by Edmundson, and the costs of the Chancery Court as may hereafter be adjudged by the Chancellor.